JOLIET STEAM-SHIP CO. *v.* YEATON.[1]

*(District Court, E. D. New York.* July 8, 1886.

1. CARRIERS OF GOODS—DAMAGE TO CARGO—DUTY OF SHIP WHERE CARGO REQUIRES EXTRAORDINARY PROTECTION.

Where cargo about to be shipped needs extraordinary protection, it is the duty of the ship-owner to provide the stevedore with the means for such protection.

2. SAME—IMPROPER STOWAGE—OWNER'S KNOWLEDGE OF METHOD OF STOWAGE—LIABILITY OF STEVEDORE.

Certain hogsheads of molasses were sent to a vessel for shipment. The vessel was already stowed with bacon. With the knowledge, and by the implied direction, of the agent of the vessel, the molasses was stowed above the bacon, no tarpaulins or other means of protection for the bacon being furnished to the stevedore. On the voyage the leakage from the molasses injured the bacon, and the ship-owner, having made good the loss, brought this suit against the stevedore to recover the money so paid. *Held,* that the stevedore was not liable.

In Admiralty.
*E. B. Convers* and *Charles Stewart Davison,* for libelant.
*John H. Kemble,* for claimants.

BENEDICT, J. I am of the opinion that the damage described in the libel, being damage to bacon in boxes caused by molasses, arose from molasses leaking out of the holes, and running upon the bacon during the voyage. It is true that in discharging the cargo one hogshead of molasses slipped from the hooks, and of its contents 100 gallons, perhaps, fell upon the boxes of bacon in the hold below; but I do not think it is possible that such damage to 450 out of 580 boxes as is proved in this case could have arisen from the molasses which ran from the single hogshead which broke while discharging. Such injury as the proofs show to have been sustained by this bacon must, as it seems to me, have been caused by leakage from the 50 puncheons of molasses which were during the voyage stowed above the bacon. No doubt it was bad stowage to put half of such a shipment of molasses over the boxes of bacon. Leakage is a necessary incident to the transportation of hogsheads of molasses, and damage from that cause to the bacon stowed below molasses would be a natural result of such stowage.

If, then, the defendant, as being the stevedore who undertook the stowing of the cargo, is responsible for the placing of those hogsheads of molasses over the bacon, I am unable to see any way of escape for him from liability for the damage that resulted. But I am of the opinion that, under the circumstances, the stevedore cannot be held responsible for placing the molasses where he did, because of the fact that, when the molasses came down to the ship, the ship was full, the bacon already stowed, and there was no other place to put the molasses

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

other than the place where it was put. The agent of the ship knew, when the molasses came to the ship, that the ship was full. When, therefore, as the evidence shows, he told the stevedore that this molasses would finish her, without indicating any desire that the bacon should be broken out, that was equivalent, under the circumstances, to a direction to the stevedore to put the molasses over the bacon, and relieves the stevedore from responsibility for damage arising from the selection of the improper place for the stowage of the molasses.

It is said that the stevedore made no attempt to protect the bacon from leakage of the molasses by tarpaulins or otherwise. This is also true, but there is no proof that the ship-owner furnished the stevedore with tarpaulin, or any other means, for protecting the bacon from the leakage of the molasses, which he knew was most liable to arise. It is not proved to be, nor do I understand it to be, a part of a stevedore's contract, to furnish such protection from molasses as the stowage of the bacon required. The ship's owner knew where the molasses must go, and it was incumbent on him, if he desired tarpaulins or other extraordinary preventives used, to furnish the same to the stevedore. Nor can responsibility to the ship-owner for the result of the owner's failure to provide tarpaulins, or the like, result from the stevedore's omission to ask for tarpaulins. Extraordinary protection was necessary, and it was as well known to the ship-owner as to the stevedore. It was therefore the duty of the ship-owner to provide the stevedore with the means of protection to the bacon, if extraordinary protection was desired. My conclusion, therefore, is that the ship-owner cannot recover of the stevedore the money he was compelled to pay the owner of the bacon for the damage the bacon received from molasses during the voyage of importation.

The libel is dismissed, with costs.